UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAW OFFICES OF BEN F. BARCUS &
ASSOCIATES, PLLC,

                          Plaintiff,

v.

KARI I. LESTER, TODD KUTZKE,
OGDEN MURPHY WALLACE, PLLC,

                          Defendants.

CASE NO. C15-5210 BHS

ORDER REQUESTING
RESPONSES AND RENOTING
DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendants Todd Kutzke and Kari Lester's

("Lester") motion for summary judgment (Dkt. 21), Defendant Ogden Murphy Wallace,

PLLC's ("Ogden Murphy") motion for summary judgment (Dkt. 36), and Lester's

motion to strike surreply (Dkt. 69). The Court has considered the pleadings filed in

support of and in opposition to the motions and the remainder of the file and hereby

requests responses to the issues below and renotes the motions for the reasons stated

herein.

**I. PROCEDURAL HISTORY**

On October 23, 2014, Plaintiff Law Offices of Ben F. Barcus & Associates, PLLC

("Plaintiff") filed a complaint against Lester and Ogden Murphy in Pierce County

Superior Court for the State of Washington.  Dkt. 1-3.  Plaintiff asserts causes of action

1   for interference with business relationships, conversion, breach of loyalty, breach of

2   fiduciary duties, and a violation of the Washington Consumer Protection Act, RCW

3   Chapter 19.86 ("CPA").  *Id.*  On March 13, 2015, Lester filed an amended answer and

4   asserted counterclaims against Plaintiff for sexual harassment in violation of state law,

5   intentional interference with business expectancy, violations of the CPA, defamation,

6   breach of contract and wrongful withholding of wages, and a violation of the Equal Pay

7   Act, 29 U.S.C. § 206 ("EPA").  Dkt. 1-2.

8        On March 3, 2015, Plaintiff removed the matter to this Court based on subject

9   matter jurisdiction over Lester's EPA claim.  Dkt. 1.

10        On October 29, 2015, Lester and Ogden Murphy filed motions for summary

11   judgment seeking dismissal of Plaintiff's state law claims.  Dkt. 21 & 36.  On November

12   16, 2015, Plaintiff responded.  Dkt. 39.  On November 20, 2015, Lester and Ogden

13   Murphy replied.  Dkts. 55 & 57.  On November 25, 2015, Plaintiff filed a surreply.  Dkt.

14   64.  On November 30, 2015, Lester filed a motion to strike Plaintff's surreply.  Dkt. 69.

15                                **II. DISCUSSION**

16        The district court may decline to exercise supplemental jurisdiction for various

17   reasons.  First, "the district courts shall have supplemental jurisdiction over all other

18   claims that are so related to claims in the action within such original jurisdiction that they

19   form part of the same case or controversy under Article III . . . ."  28 U.S.C. § 1367(a).

20   "The constitutional 'case or controversy' standard confers supplemental jurisdiction over

21   all state claims which arise out of a common nucleus of operative fact with a substantial

22   federal claim."  *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir.

1    2006) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

2    Cases arise out of a common nucleus of operative fact when "[t]hey will involve the same

3    witnesses, presentation of the same evidence, and determination of the same, or very

4    similar, facts." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1563–64 (11th

5    Cir. 1994)).

6          In this case, it is debatable whether the state law claims arise out of a common

7    nucleus of facts with the federal EPA claim.  The main basis for the claims and

8    counterclaims arise out of Lester's departure from Plaintiff's firm and her interactions

9    with current clients at that time.  On the other hand, the EPA claim arises out of

10   allegations that Lester was not paid the same as comparable attorneys in Plaintiff's firm.

11   Not only does the EPA claim not involve Ogden Murphy, but the claim also involves

12   facts that are not common to any of the state law claims.  Thus, it appears that the claims

13   will involve different witnesses, with the exception of Lester, different evidence, and the

14   determination of different facts.  The Court requests the parties' positions on this issue.

15         Second, the Court may decline such jurisdiction if "the claim substantially

16   predominates over the claim or claims over which the district court has original

17   jurisdiction." 28 U.S.C. § 1367(c)(2).

18         [I]f it appears that the state issues substantially predominate, whether in
      terms of proof, of the scope of the issues raised, or of the

19         comprehensiveness of the remedy sought, the state claims may be
      dismissed without prejudice and  left for resolution to state tribunals.

20

21   *Gibbs*, 383 U.S. 715, 726-27 (1966).  The Ninth Circuit has affirmed a district court's

22   decision to decline to exercise supplemental jurisdiction when the single federal claim

1   was nothing more than "a slender federal reed on which to base jurisdiction over

2   [substantial state law claims]." *Patel v. Penman*, 103 F.3d 868, 877 (9th Cir. 1996),

3   *overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian*,

4   491 F.3d 1086 (9th Cir. 2007).

5          In this case, the Court is concerned with exercising supplemental jurisdiction.  The

6   parties have hung numerous, factually intensive state law claims on the slender federal

7   reed of an EPA claim.  "[T]he Equal Pay Act requires that women receive 'equal pay for

8   equal work.'"  *Gunther v. Washington Cty.*, 623 F.2d 1303, 1309 (9th Cir. 1979), *aff'd*,

9   452 U.S. 161 (1981).  Resolving this claim appears to be a relatively simple exercise,

10  especially when the alleged comparative job is the same associate level attorney position.

11  The state law claims, however, are extremely complicated and fact intensive, which is

12  shown by the hundreds, if not thousands, of pages of briefing and evidence submitted in

13  support of and in opposition to summary judgment.  The Court is typically reluctant to

14  decline jurisdiction based on the predominance factor, but if there was ever a case that at

15  least deserved a discussion of declining jurisdiction, this is the case.  Therefore, the Court

16  requests the parties' positions on this issue.

17         Third, the Court may decline to exercise jurisdiction if "the claim raises a novel or

18  complex issue of State law."  28 U.S.C. § 1367(c)(1).

19         In this case, the parties cite cases from state courts all over the country.  This fact

20  leads the Court to assume that the claims involve novel issues of state law.  Therefore, the

21  Court requests responses to this issue as well.

22

1

### III. ORDER

2          Therefore, it is hereby **ORDERED** that any party may submit a response to the

3  issues set forth above.  Responses shall be filed no later than February 5, 2016.  The

4  Clerk shall renote Lester and Ogden Murphy's motions for summary judgment (Dkts. 21

5  & 36) and Lester's motion to strike for consideration on the Court's February 5, 2016

6  calendar.

7          Dated this 26th day of January, 2016.

8

9          _____
           BENJAMIN H. SETTLE
10         United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22